IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

ALEXANDRIA DIVISION

| | |
|---|---|
| united states of america<br><br>v.<br><br>NAJEE LEWIS,<br><br>*Defendant*. | Case No. 1:24-cr-37<br><br>The Honorable Rossie D. Alston<br><br>Sentencing Date: May 29, 2024 |

## **POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING**

The United States of America, by undersigned counsel, in accordance with 18 U.S.C. § 3553(a) and the United States Sentencing Commission Guidelines Manual ("Guidelines" or "U.S.S.G."), hereby submits its position with respect to the sentencing of the defendant, Najee Lewis. On December 7, 2023, the defendant appeared with counsel before the Honorable William E. Fitzpatrick and pleaded guilty to one count of possession of a firearm by a felon in violation of 18 U.S.C. § 922(g)(1) and was remanded to the custody of the United States Marshals Service pending sentencing. The United States has reviewed the Presentence Investigation Report ("PSR"), ECF No. 1, prepared by the United States Probation Office, and agrees with the finding therein that the defendant's applicable Guidelines range is 37 to 46 months of incarceration (based on a criminal history category of III and a total offense level of 19). *See* PSR at ¶¶ 66–67. For the reasons set forth below, the United States respectfully submits that a joint recommended sentence of 37 months is appropriate in consideration of the Guidelines and the factors set forth in 18 U.S.C. § 3553(a).

**BACKGROUND**

On December 3, 2023, defendant was arrested in Fairfax, Virginia, for Possession of a Concealed Weapon by a Felon, Possession of a Firearm by a Convicted Felon, Possession of Ammunition by a Convicted Felon, and Petit Larceny. *See* Petition on Supervised Release. On December 3, 2023, at approximately 12:30 hours, Saks Fifth Avenue Loss Prevention contacted Tysons Urban units advising of a shoplifter in custody. *Id*. Defendant attempted to escape and was in possession of a firearm concealed in his pants. *Id*. Defendant was then handcuffed and secured, but police officer assistance was requested to retrieve the firearm. *Id*. Upon arrival, defendant, identified as Mr. Najee Lewis, was searched and the officers found a Glock 22 handgun in his pants. *Id*. The firearm was loaded with one round in the chamber and an extended twenty-two round magazine containing twenty-one rounds. *Id*.

Defendant made numerous apologetic statements and advised he was going to go away for a long time. *Id*. Defendant made several statements advising he had several years of suspended jail time after serving several years in jail within the past ten years. *Id*. He additionally apologized to loss prevention staff for the theft. *Id*. A record check revealed he was a convicted felon and not allowed to lawfully possess a firearm or ammunition. *Id*. The recovered firearm was found to have an intact serial number, and there were no hits. *Id*. The recovered ammunition was .40 caliber Smith & Weston of mixed types. The defendant was transported to the adult detention center without incident and the Magistrate issued the warrants. *Id*. Defendant was booked at the Fairfax Adult Detention Center and subsequently moved to the Alexandria Adult Detention Center, where he remains in custody. *Id*.

On February 20, 2024, all charges were nolle pressed by the Fairfax County General District Court. *See* Addendum to Petition on Supervised Release. On February 21, 2024,

defendant entered into an agreement to waive indictment and plead guilty to Count One of the Information, charging him with Felon in Possession of a Firearm and Ammunition, in the United States District Court for the Eastern District of Virginia. *Id*.

As of the date of sentencing, the defendant will have spent four days in the Fairfax Adult Detention Center and five months and twenty two days (174 days) in federal custody at the Alexandria Adult Detention Center.

## LEGAL STANDARD

When making a sentencing decision, courts consult the Guidelines and the factors set forth in 18 U.S.C. § 3553(a), though the Guidelines are purely advisory. *See United States v. Booker*, 543 U.S. 220, 264 (2005); *see also United States v. Kimbrough*, 552 U.S. 85, 90 (2007) ("[T]he Guidelines, formerly mandatory, now serve as one factor among several courts must consider in determining an appropriate sentence."). A "district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the Guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005).

Section 3553(a) requires district courts to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." Paragraph 2 lists four purposes for a sentence: (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. 18 U.S.C.

§ 3553(a)(2). A sentencing court must also consider: (1) the nature of the offense and the defendant's history and characteristics; (2) the kinds of sentences legally available; (3) the advisory sentencing range provided by the Sentencing Guidelines; (4) any relevant policy statement issued by the Sentencing Commission; (5) the need to avoid unwarranted sentence disparities; and (6) the need for restitution. 18 U.S.C. § 3553(a). Ultimately, the sentence imposed must meet a standard of reasonableness. *See Booker*, 543 U.S. at 260–61.

## ANALYSIS

### I. Sentencing Guidelines

The base offense level for the defendant's possession of a firearm is twenty. U.S.S.G. § 2K2.1. Because the firearm was stolen, the offense level is increased by two levels. *Id.* § 2K2.1(b)(4)(A). Based on his timely guilty plea and acceptance of responsibility, the defendant qualifies for a two-level reduction. *See id.* § 3E1.1(a). The government further moves for an additional one-level reduction for the defendant's assistance in accepting responsibility for this offense, *see id.* § 3E1.1(b), bringing the defendant's total offense level to 19.

As to criminal history, the defendant's criminal conviction on March 14, 2014, for two counts of robbery yields four criminal history points. *See id.* § 4A1.1(a), 4A1.1(e), 4A1.2(d)(1). The result is a criminal history score of four and a criminal history category of III. *See id.* § 5A (Sentencing Table). The corresponding Guidelines range is 37 to 46 months of imprisonment. *Id.*

### II. Statutory Analysis and Recommendation

Based upon the § 3553(a) factors, the United States jointly recommends a sentence of 37 months.

The nature of the instant offense is serious and, due to the defendant's prior felony

conviction, carries a 10-year maximum term of imprisonment. Despite knowing he was a convicted felon and not allowed to lawfully possess a firearm or ammunition, defendant possessed a firearm with an extended twenty-two round magazine. *See* Petition on Supervised Release. Therefore, a sentence within the applicable Guidelines range is warranted.

The defendant's history and characteristics further warrant a sentence that will deter the defendant from illegally possessing another firearm and protecting the public from further crimes of the defendant. In February of 2019, a Major Violation Report was filed alleging the defendant had violated the terms of his supervision by being in possession of a stolen firearm while appearing in a music video posted to YouTube. *See* Presentence Investigation Report ¶42. In November of 2019, another Major Violation Report was filed alleging defendant had violated the terms of his probation by incurring new criminal charges for Malicious Wounding, Use of a Firearm in the Commission of a Felony, and Violent Felon in Possession of a Weapon; as well as being involved in an altercation involving weapons in October of 2019. *Id*. These charges involved four separate shooting incidents between rival gang members. *Id*. Then, in February 2020, a Major Violation Report was filed alleging the defendant violated the terms of his probation due to him being federal charged for possessing a firearm. *Id*. Defendant was convicted of illegally possessing a firearm, violating the terms of his pre-existing supervised release and sentenced to eighteen months' imprisonment with credit for time already served, followed by three years of additional supervised release. *Id*. This most recent conviction is part of a pattern of the defendant illegally possessing firearms.

Taking into consideration the defendant's prior felony offenses ensures that defendants who have committed similar crimes and have similar criminal records will receive roughly similar sentences, regardless of the district and courtroom in which they are sentenced. 18

U.S.C. § 3553(a)(6); *see Gall v. United States*, 552 U.S. 38, 46 (2007) (noting that the Guidelines are "the product of careful study based on extensive empirical evidence derived from the review of thousands of individual sentencing decisions"). Thus, a sentence of 37 months, at the low end of the applicable Guidelines range, is sufficient but no greater than necessary to specifically deter the defendant from repeating his conduct and to protect the public from further crimes of the defendant. This sentence appropriately reflects the nature and seriousness of the defendant's conduct and promotes respect for the laws of the United States.

**CONCLUSION**

For the above-stated reasons, the United States jointly recommends that a sentence of 37 months of incarceration is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a).

Respectfully submitted,

Jessica D. Aber
United States Attorney

By: /s/ *Noah B. Sissoko*
Noah B. Sissoko
Special Assistant United States Attorney
Tony R. Roberts
Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3706
Fax: (703) 299-3981
Email: Noah.Sissoko@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 24, 2024, I filed the foregoing document with the Clerk of Court using the CM/ECF system, which will cause a true and accurate copy of this document to be transmitted to counsel of record.

By: /s/ *Noah B. Sissoko*
Noah B. Sissoko
Special Assistant United States Attorney
United States Attorney's Office
2100 Jamieson Avenue
Alexandria, Virginia 22314
Phone: (703) 299-3706
Fax: (703) 299-3981
Email: Noah.Sissoko@usdoj.gov